**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Salvador VASQUEZ–RAMOS, aka El**
**Huero, Oscar Medrano–Saucedo,**
**Defendant–Appellant.**

No. 02–30283.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

John F. Deits, AUSA, USPO–Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Gerald Needham, Portland, OR, Defendant–Appellant.

Before GOODWIN, WALLACE and MCKEOWN, Circuit Judges.

MEMORANDUM **

Salvador Vasquez–Ramos appeals the 60–month sentence imposed following his guilty plea conviction for two counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Vasquez–Ramos contends that the district court erred by failing to make factual findings concerning whether a firearm found in his house was used in connection with the offense, and by concluding that he was ineligible for the "safety-valve" pursuant to U.S.S.G. § 5C1.2 solely because he received an enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). We review de novo the district court's interpretation of the sentencing guidelines, United States v. Nelson, 222 F.3d 545, 549 (9th Cir.2000), and its compliance with Federal Rule of Criminal Procedure 32, United States v. Standard, 207 F.3d 1136, 1140 (9th Cir.2000). We review for clear error the district court's factual determination that a defendant is ineligible for relief under § 5C1.2. United States v. Real–Hernandez, 90 F.3d 356, 360 (9th Cir.1996).

The district court applied the wrong standard of proof for eligibility for the "safety-valve." See Nelson, 222 F.3d at 549-50 (stating that an enhancement under § 2D1.1(b)(1) requires the defendant to prove that it was clearly improbable he possessed a weapon in connection with the offense, but the safety-valve requires only proof by a preponderance of the evidence). Accordingly, we vacate the sentence and remand for the district court to determine whether Vasquez–Ramos proved by a preponderance of the evidence that the weapons were not used in connection with the offense, and, therefore, whether he qualifies for the "safety-valve" reduction. See id. at 551.

VACATED and REMANDED for resentencing.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

